# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

SHANE LAMAR MOORE,    )
#342772,    )
    )    CIVIL ACTION NO. 9:15-03385-BHH-BM
    Petitioner,    )
    )
v.    )    **REPORT AND RECOMMENDATION**
    )
WARDEN OF ALLENDALE    )
CORRECTIONAL INSTITUTION,  )
    )
    Respondent.    )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition was filed pro se on August 20, 2015.[1]

The Respondent filed a return and motion for summary judgment on November 23, 2015.  As the Petitioner is proceeding pro se, a Roseboro order was filed on November 24, 2015, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment.  Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case.  Petitioner thereafter filed a response in opposition to the motion for summary judgment on January 11, 2016.

This matter is now before the Court for disposition.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for
(continued...)

1



## **Procedural History**

Petitioner was indicted in Greenville County in April 2009 for trafficking cocaine base (crack cocaine) [Indictment No. 2008-GS-23-08077].  <u>See</u> Court Docket No. 21-1, pp. 103-104. Petitioner was represented by Dorothy Manigault, Esquire.  On September 15, 2010, Petitioner opted to plead guilty as charged.  <u>See</u> Court Docket No. 21-1, pp. 3-16.  Petitioner was sentenced to fifteen (15) years imprisonment and a $50,000 fine.  <u>See</u> Court Docket No. 21-1, p. 16.

On September 23, 2010, plea counsel filed a notice of appeal on Petitioner's behalf. <u>See</u> Court Docket No. 21-2.  Thereafter, the South Carolina Court of Appeals directed plea counsel to file a written explanation of an issue reviewable on appeal pursuant to Rule 203(d)(1)(B)(iv), SCACR.  <u>See</u> Court Docket No. 21-3.  Plea counsel complied, indicating

> [T]he issues to be raised on appeal may include the following issues: (1) whether the trial court erred in denying the motion to suppress, (2) whether trial counsel provided effective assistance of counsel during the motion to suppress, and (3) whether the trial court abused its discretion when it imposed a sentence of fifteen years upon the Appellant after he plead guilty.

Court Docket No. 21-4, p. 1.  Plea counsel further noted that she did not have a good faith basis to believe that the first two issues were properly before the court, and that she had not objected to the sentence, but that she had submitted the appeal at Petitioner's request.  <u>See</u> Court Docket No. 21-4, p. 1.

Upon receiving plea counsel's Rule 203(b) explanation, the court of appeals directed plea counsel to forward the explanation to Petitioner and inform him that he had twenty (20) days

---

(...continued)
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C.  The Respondent has filed a motion for summary judgment.  As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



from the date of plea counsel's transmittal letter to advise the court in writing of any arguable basis

for a finding that there were issues preserved for appeal.  <u>See</u> Court Docket No. 21-5.  Thereafter, on

January 5, 2011, the court of appeals dismissed the appeal, finding that Petitioner had failed to show

how any issue had been preserved for review.  <u>See</u> Court Docket No. 21-6.  The court subsequently

received a belated guilty plea explanation, which the court construed as a petition for rehearing and

denied.  <u>See</u> Court Docket Nos. 21-7, 21-8.  The matter was remitted to the lower court on March 10,

2011.  <u>See</u> Court Docket No. 21-9.

On May 10, 2011, Petitioner filed an application for post-conviction relief ("APCR")

in state circuit court, <u>Moore v. State of South Carolina</u>, No. 2011-CP-23-3184, raising the following

issues:

> 10.    State concisely the grounds on which you base your allegation that you are
> being held in custody unlawfully:
>
> (a)    Involuntary Plea
> (b)    Ineffective assistance of counsel
> (c)    Ineffective assistance of appellate counsel
>
> 11.    State concisely and in the same order the facts which support each of the
> grounds set out in (10):
>
> (a)    Counsel told me to plead guilty after Suppression was denied.
> (b)    Counsel failed to give an explanation to Rule 203(B) to the
> (c)    Court of Appeals.

<u>See</u> Court Docket No. 21-1, p. 19-20.  On February 8, 2013, Petitioner, through PCR counsel

Caroline M. Horlbeck, Esquire, filed an amended APCR, raising the following additional claims for

relief:

> 1.    Ineffective assistance of counsel in that counsel failed to prove that Trooper
> Chastain had no reason or probable cause to stop Applicant.
>
> 2.    Ineffective assistance of counsel in that counsel failed to properly challenge



the second detention which was an illegal search and seizure that violated Applicant's 4th Amendment rights.

3.  Ineffective assistance of counsel in that counsel failed to raise the issue of racial profiling during the suppression hearing.

4.  Ineffective assistance of counsel in that counsel failed to research and subpoena information regarding camera malfunction.

5.  Ineffective assistance of counsel in that counsel failed to give Applicant a copy of his case file and state's response to Applicant's discovery motions upon Applicant's request.

6.  Ineffective assistance of counsel in that counsel failed to subpoena Applicant's witness.

7.  Ineffective assistance in that counsel was not prepared for trial and Applicant was coerced into pleading guilty.

8.  Ineffective assistance of counsel in that counsel failed to file a Motion to Quash the Indictment.

9.  Ineffective assistance of counsel in that counsel failed to raise the issue that the State's own evidence reflects four different dates on which the incident allegedly occurred.

10. Trial counsel was ineffective for failing to challenge the time the state has to submit the indictment to the grand jury.

Court Docket No. 21-1, pp. 26-27.

An evidentiary hearing was held on Petitioner's application on February 15, 2013.  See Court Docket No. 21-1, pp. 35-85.  The PCR judge thereafter denied relief on the APCR in its entirety by written order filed April 11, 2013 (dated April 4, 2013).  See Court Docket No. 21-1, pp. 93-103.

Petitioner filed a timely appeal of the PCR court's order.  Petitioner was represented on appeal by LaNelle Cantey DuRant, Appellate Defender with the South Carolina Commission on



Indigent Defense, Division of Appellate Defense, who filed a <u>Johnson</u>[3] petition requesting to be

relieved and raising the following issue:

> Did the PCR court err in failing to find plea counsel ineffective for not insuring that
> petitioner's guilty plea was entered freely, voluntarily and knowingly because
> petitioner believed he could still appeal the denial of his suppression motion of the
> drugs?

<u>See</u> Court Docket No. 21-11, p. 3.

Petitioner also submitted his own <u>pro se</u> response to the <u>Johnson</u> petition, raising the following issues:

> **Ground One:** Was Plea Counsel ineffective - Pursuant to Strickland vs Washington -
> 104 S. CT - 2052 for not challenging the indictment being filed with the Clerk of
> Courts Office prior to trial Pursuant to Rule 3c and for coercing Petitioner to plead
> guilty

> **Ground Two**: Was the Guilty Plea an informed and intelligent decision of Petitioner
> Pursuant to <u>Boykin vs Alabama 395 US -238</u>

> **Ground Three:** Did PCR Counsel render ineffective assistance of counsel during
> Petitioners PCR Hearing

> **Ground Four:** Is Petitioner being denied effective assistance of counsel in his appeal
> of his APCR being dismissed in addition to all issues raised in the APCR not being
> addressed and ruled upon by PCR court Pursuant to <u>17-27-80</u>

> **Ground Five:** Did the trial court lack Subject Matter Jurisdiction to bring Petitioner
> to trial, convict and sentence him when the indictment was never filed with the Clerk
> of Courts Office Prior to trial Pursuant <u>Rule 3c</u> of the SCACR.

> **Ground Six:** Was Petitioner denied DUE PROCESS throughout his entire Judicial
> proceeding <u>ST vs Washington</u>

> **Ground Seven:** Was Petitioner denied his Rights to Direct Appeal by ineffective
> counsel Pursuant to <u>ST vs Wilson 559-Se2d-581</u>

<u>See</u> Court Docket No. 21-13, pp. 3-4.

---

[3]<u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1998); <u>see</u> <u>also</u> <u>Anders v. California</u>, 386 U.S. 744
(1967).



On October 8, 2014, the South Carolina Supreme Court denied Petitioner's writ of certiorari and granted counsel's request to be relieved. See Court Docket No. 21-14. The Remittitur was sent down on October 24, 2014. See Court Docket No. 21-15.

In his Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following issues:

**Ground One**: Was Trial/Plea counsel ineffective and in violation of Applicants 5th, 6th and 14th Amendments of US Constitution for not challenging the indictment not being filed with the Clerk of Courts office prior to trial Pursuant to Rule 3C and coercing Petitioner into pleading guilty.

**Ground Two**: Did the trial/Plea counsel violate petitioner's 6th Amendment Right to the US Constitution by failing to inform petitioner that he would not be able to appeal the Suppression Hearing after entering a guilty plea, therefore making the plea involuntary?

**Ground Three**: Did PCR counsel render ineffective assistance of counsel during Petitioner's PCR hearing that violated Applicant's 5th, 6th and/or 14th Amendments to the US Constitution? [Not obtaining transcript of suppression hearing and not addressing "bogus" appeal submitted by plea counsel].

**Ground Four:** Was Petitioner's 5th, 6th and 14th Amendment rights to the US Constitution violated by the Petitioner being denied effective assistance of counsel in his appeal of PCR being dismissed in addition to all issues raised in the PCR not being addressed and rule upon by the PCR court Pursuant to 17-27-80.

**Ground Five:** Was Petitioner's 5th, 6th, and/or 14th Amendments to the US Constitution violated by the trial court lacking Subject Matter Jurisdiction to bring Petitioner to trial, convict, and/or sentence him when the indictment was never filed with the Clerk of Court's office prior to trial pursuant to Rule 3C of SCACR.

**Ground Six:** Was Petitioner's 5th, 6th and/or 14th Amendment Rights to the US Constitution violated by being denied his rights to a direct appeal by ineffective assistance of counsel pursuant to State vs Wilson 559-SE2d-581. [Plea counsel failed to provide written explanation as to what issues could be reviewed].

**Ground Seven:** Was Petitioner's 5th, 6th, and/or 14th Amendment Rights to the US Constitution violated by the Petitioner being denied Due Process throughout his entire Judicial proceeding?

6



See <u>Petition</u>, pp. 12-18 (Errors in Original).

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a <u>pro</u> <u>se</u> litigant to allow the development of a potentially meritorious case, <u>see</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

## I.

Petitioner argues in Grounds One and Two of his Petition that his trial counsel was ineffective for failing to challenge the indictment and for failing to inform Petitioner that he would not be able to appeal the suppression hearing if he pled guilty. These ineffective assistance of counsel claims were addressed in Petitioner's PCR proceedings, where he had the burden of proving the allegations in his petition; <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert</u>. <u>denied</u>, 474 U.S. 1094 (1986); as well as on appeal to the South Carolina Supreme Court. <u>See</u> Court Docket No. 21-1, pp. 98-102; Court Docket no. 21-11; Court Docket No. 21-13. The PCR court rejected both claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. <u>See</u> <u>Moore v. State of South Carolina</u>, No. 2011-CP-23-3184.



7

Specifically, the PCR judge found that: 1) Petitioner alleged plea counsel should have filed a motion to quash the indictment because it was issued more than a year after his arrest and when the Court of General Sessions was not in session; 2) Petitioner stated plea counsel should have challenged the discrepancies between the dates listed in the arrest warrant, indictment, sentencing sheet, written warning, and tow report; 3) Petitioner stated he was stopped for driving too slowly and following too closely but that was untrue and not on the video; 4) Petitioner stated he told the officer he was going to Raleigh to see his girlfriend, Candice, and the officer called to confirm this; 5) Petitioner stated plea counsel did not speak to Candice or subpoena the officer's cell phone records in order to challenge his credibility; 6) Petitioner stated plea counsel should have challenged the search of his vehicle because he did not give consent but the officer called a K-9 unit to the scene; 7) Petitioner stated plea counsel should have argued racial profiling at the suppression hearing; 8) Petitioner stated he only pled guilty because both plea counsel and the plea judge said he could appeal the suppression hearing; 9) however, Petitioner admitted there were no such statements in the plea transcript;

11) Candice Grier stated she and Petitioner had a daughter together; 12) Candice stated Petitioner was coming to Raleigh to stay for a week when he was arrested; 13) Candice stated she told this to the officer who called her after stopping Petitioner; 14) Candice stated she knew Petitioner had been arrested but admitted she did not call plea counsel to tell her Petitioner had been on the way to see her when he was stopped;

15) plea counsel testified she was appointed in Petitioner's case and filed discovery motions; 16) plea counsel testified she reviewed the discovery materials with Petitioner and discussed his version of events; 17) plea counsel confirmed Petitioner's testimony that the videotape did not



8

show he was following too closely; 18) plea counsel testified she filed a motion to suppress the evidence and attached a copy of the officer's report to that motion; 19) plea counsel testified the motion hearing lasted several hours and was the same day as the plea hearing; 20) plea counsel testified Petitioner did not ask her to contact Candice, but that there was no need for her to do so because all of that information was in the officer's report; 21) plea counsel testified she did not recall a discrepancy in the dates on some of the documents but stated arguing this would not have changed the outcome of the case; 22) plea counsel testified she did not recall whether or not she argued racial profiling in the suppression hearing; 23) plea counsel testified the plea judge met with the attorneys midway through the suppression hearing and gave them time to discuss plea offers; 24) plea counsel testified Petitioner turned down a ten year offer based on advice from an investigator he had hired; 25) plea counsel testified she advised Petitioner against rejecting this offer; 26) plea counsel testified she explained to Petitioner both that he was pleading guilty without a recommendation and that he would not be able to raise issues related to the suppression hearing; 27) plea counsel testified the plea judge would not have told Petitioner that he could plead guilty and then appeal the suppression hearing;

28) regarding Petitioner's claims of ineffective assistance of counsel, Petitioner failed to meet his burden of proof; 29) Petitioner's testimony was not credible, while plea counsel's testimony was credible; 30) plea counsel adequately conferred with Petitioner, conducted a proper investigation, and was thoroughly competent in her representation; 31) Petitioner admitted to the plea judge both that he was guilty and that the facts recited by the solicitor were true (Plea transcript, p.6; p.8); 32) Petitioner also told the plea judge that he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel, and had not been coerced in any way (Plea transcript,



pp.5-7); 33) Petitioner entered a knowing and voluntary guilty plea;

34) Petitioner failed to meet his burden of proving plea counsel should have filed a motion to quash the indictment; 35) Petitioner's argument that the Grand Jury was not scheduled to convene when his indictment was issued was without merit as terms of court are technically prescribed by statute, but general sessions matters may be transacted during common pleas terms of court and vice versa; 36) Petitioner failed to demonstrate plea counsel was deficient in not arguing that the indictment was issued well after he was arrested; 37) Petitioner failed to provide evidence of any prejudice that resulted from the delay; 38) Petitioner failed to meet his burden of proving plea counsel was deficient in not arguing the discrepancies between the dates listed in the arrest warrant, indictment, sentencing sheet, written warning, and tow report; 39) Petitioner failed to demonstrate the discrepancies were in any way fatal to the State's case; 40) plea counsel was correct in stating that the discrepancies did not affect the outcome of the case; 41) furthermore, even if an incorrect had been listed on the indictment, it was merely a notice document; 42) the indictment in Petitioner's case was clearly sufficient to put Petitioner on notice of the charge he was facing;

43) Petitioner failed to meet his burden of proving plea counsel advised Petitioner that he could appeal the suppression hearing; 44) plea counsel testified she did not tell Petitioner he could enter a guilty plea and still appeal the denial of the motion to suppress; 45) plea counsel's testimony was more credible; 46) once Petitioner entered a guilty plea in his case, he waived the right to challenge the denial of the suppression motion; 47) additionally, the plea judge advised Petitioner of such (Plea transcript, p.10). See Court Docket No. 21-1, pp. 98-102.

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000) ["We . . . accord state court factual findings a



presumption of correctness that can be rebutted only by clear and convincing evidence."], <u>cert.</u>

<u>denied</u>, 532 U.S. 925 (2001); <u>Bell v. Jarvis</u>, 236 F.3d 149 (4th Cir. 2000)(en banc), <u>cert.</u> <u>denied</u>, 112

S. Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State court, a determination of a factual issue
> made by a State court shall be presumed correct. The applicant shall have the burden
> of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1); <u>see also</u> <u>Fisher v. Lee</u>, 215 F.3d 438, 446 (4th Cir. 2000), <u>cert.</u> <u>denied</u>, 531

U.S. 1095 (2001); <u>Frye v. Lee</u>, 235 F.3d 897, 900 (4th Cir. 2000), <u>cert.</u> <u>denied</u>, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct

under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the

issue of ineffective assistance of counsel, a federal court must reach an independent conclusion.

<u>Strickland v. Washington</u>, 466 U.S. 668, 698 (1984); <u>Pruett v. Thompson</u>, 996 F.2d. 1560, 1568 (4th

Cir. 1993), <u>cert.</u> <u>denied</u>, 510 U.S. 984 (1993). Even so, with regard to the ineffective assistance of

counsel claims that were adjudicated on the merits by the South Carolina state court, this Court's

review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted

by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). See <u>Bell v. Jarvis</u>, <u>supra</u>; <u>see</u> <u>also</u>

<u>Evans</u>, 220 F.3d at 312 [noting under § 2254(d)(1) and (2), federal habeas relief will be granted "with

respect to a claim adjudicated on the merits in state court proceedings only where such adjudication

'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the Supreme Court of the United States', or 'resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding'"]. Therefore, this Court must be mindful of this deferential

standard of review in considering Petitioner's ineffective assistance of counsel claims.

11



Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694. In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective. First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985). Here, after careful review of the record and the arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that Petitioner has failed to meet his burden of showing that plea counsel was ineffective under the standard of Strickland and Hill, or that his guilty plea was not voluntarily and knowingly entered. Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [noting a petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

A review of the record confirms that Petitioner told the plea court during his guilty plea colloquy that he understood what was going on and that he was not coerced into pleading guilty. See Court Docket No. 21-1, pp. 6-7. The plea judge noted that he had heard Petitioner testify earlier, and that Petitioner seemed competent. See Court Docket No. 21-1, p. 6. The plea judge then went through the constitutional rights that Petitioner was waiving by pleading guilty and asked Petitioner



if he understood those right.  See Court Docket No. 21-1, p. 7.  Petitioner responded, "Yes, sir."  See Court Docket No. 21-1, p. 8.  Petitioner affirmed his guilt to the plea judge.  See Court Docket No. 21-1, p. 8.  He also affirmed to the plea court that he was totally and completely satisfied with plea counsel's representation and the he had understood his talks with her.  See Court Docket No. 21-1, p. 9.  The plea judge asked, "Do you have any complaints about the way you think you should have been treated in the case other than losing your suppression motion?"  See Court Docket No. 21-1, p. 9.  Petitioner responded, "That's the only one I have the suppression motion.  That's it."  See Court Docket No. 21-1, p. 9.

The assistant solicitor then recited the following facts that the State was prepared to prove at trial:

> The defendant was stopped in I85 in Greenville County by the South Carolina Highway Patrol for following too closely and impeding traffic.  The officer did develop articulable suspicion.  He did call for a drug dog which did come and did alert on the vehicle.  Search of the vehicle did reveal 142.83 grams of crack cocaine in the false bottom of a coffee can inside the trunk which was individually packaged in a leather baggies.  Officers did find a scale and a pot with white residue.
>
> Defendant was the driver and the owner of the car and the only person in the car.  He does have a prior record with at least one prior drug offense.

See Court Docket No. 21-1, p. 10.  Petitioner then agreed that the State could prove those facts at trial.  See Court Docket No. 21-1, p. 10.  Further, prior to accepting the plea, the plea judge specifically asked Petitioner about waiving his right to challenge the outcome of his suppression motion, stating

> THE COURT:          Another thing I want to make sure you understand if you enter the plea and I accept it then you give up your right to challenge the Constitutional propriety of the seizure of the drugs and your statement, do you understand all of that?



| | |
|---|---|
| PETITIONER: | Could you repeat that? |
| THE COURT: | If you enter the plea and you accept it, then you give up your right to challenge the Constitutional propriety of the seizure of the drugs and the voluntariness of your statement, do you understand that? |
| PETITIONER: | Yes. |
| THE COURT: | You want to go forward with your plea? |
| PETITIONER: | Yes. |

<u>See</u> Court Docket No. 21-1, p. 12.

The plea judge then accepted the plea. <u>See</u> Court Docket No. 21-1, p. 12. Prior to sentencing, Petitioner made the following statement:

PETITIONER:    It's rough, it's rough. Let's just remember that the ends doesn't always justify the means, for one. As you can see, I got three kids, 10, 9, and one about to turn 3. Not once was I ever on child support and I know it's a big thing down here. I know I've done some wrong things in my life, I don't deny that, the record states that: however, some things aren't as bad as they seem on paper.

Like I said, I don't some wrong things, honestly speaking and God is my witness I can honestly say it's for the right reasons and that's the provide for my family. Sometimes when you ignorant to something simply not knowing or not knowing how to go about doing things the right way, you're not held accountable for that in God's eyes, but once you're aware, you are accountable. And I will admit at the time of this incident, I was aware. I was aware of what I was doing, I don't deny that; however, if you see the tape of the incident, I was doing it for the right reason.

The right reason was to proceed on and pay for my commercial driver's license. I was supposed to go to school with that money and that was the reason I attempted this. Unfortunately/fortunately, the outcome came out like this. I'm a firm believer that every bad incident is not a bad incident. I

14



know I'm going to get some good out of this.

To be honest with you, this whole suppression hearing and everything, I learned my lesson. Like I said I tried to do everything – the wrong thing for the right reasons and that's to take care of my kids, but the end result is I came to the realization it's not about money with kids, it's about time.

THE COURT:        Very true.

PETITIONER:       I promise you, Your Honor, tears are not coming down my eyes because I'm facing all this time. Tears are coming down my eyes because I'm going to be away from my kids knowing this is why I really did it.

I don't even know what to say to my kids. Like I said, the ends doesn't always justify the means and that's all I got to say.

See Court Docket No. 21-1, pp. 14-16.

There is nothing in this record to indicate any ineffective assistance of counsel or that Petitioner's plea was not knowingly and voluntarily entered. Nor does the record from Petitioner's PCR proceeding contain any evidence to justify the overturning of his plea or conviction. Petitioner testified at his PCR hearing that he pled guilty believing that he would be able to appeal the suppression hearing, "[a]nd Dorothy Manigault did say that to me. And I don't understand why there's not on the transcript, but I did pause and ask Judge Miller, . . . as well as Dorothy Manigault, can I still appeal the—the suppression hearing. And they both said 'Yes.'" See Court Docket No. 21-1, p. 40. However, there is no indication in the transcript that any such conversation took place, and during Petitioner's testimony, the PCR judge had the following discussion with Petitioner about this issue:

THE COURT:        Well, I'm—I'm looking at the transcript here and I don't mean to interrupt you, but didn't Judge Miller explain all of this to you when you pled guilty? That all of that—everything about



<table>
<tbody>
<tr><td></td><td>the suppression hearing was waived and you went forward?</td></tr>
<tr><td>PETITIONER:</td><td>No, no, no, Your Honor.</td></tr>
<tr><td>THE COURT:</td><td>I'm just looking at the transcript.</td></tr>
<tr><td>PETITIONER:</td><td>I understand. I understand. However—</td></tr>
<tr><td>THE COURT:</td><td>Okay. But, I mean, what's in the transcript is the only thing I can go by.</td></tr>
<tr><td>PETITIONER:</td><td>I understand.</td></tr>
</tbody>
</table>

Court Docket No. 21-1, pp. 42-43.

Additionally, while Petitioner testified regarding what occurred during the suppression hearing, that transcript was not provided to the PCR court. See Court Docket No. 21-1, pp. 38-39, 41-46, 95. However, plea counsel described the specifics of the suppression hearing:

> The basis was challenging the stop as an illegal stop. And. after the stop was completed for the traffic violation that the officer noted, and the—the warning ticket was—was given, Mr. Chastain [sic] received the warning ticket. Then, the officer asked if he could search the car. And Miss—excuse me—Mr. Moore responded no.
>
> And the car was searched—he was detained further and the car was searched.
>
> . . . .
>
> They brought, yeah, a K-9 and another officer out—came out. Also, along with that motion for the suppression, I did attach as Attachment "A" a copy of Trooper Chastain's report that he had given to the solicitor's office listing the information about the stop saying that the stop was completed, the warning ticket was issued; listing the information about calling his daughter's mother in North Carolina, and other information. So, I filed that supporting my motion for suppression.

Court Docket No. 21-1, pp. 73-74. Plea counsel testified that the suppression hearing lasted several hours and was held the same day as the guilty plea. See Court Docket No. 21-1, p. 74. She also



testified that the judge gave an indication of which way he was leaning on the suppression issue during a recess, and allowed the parties to discuss plea offers at that time. See Court Docket No. 21-1, pp. 74-75. The State then offered Petitioner a ten-year plea deal, which plea counsel and Petitioner discussed but which Petitioner rejected based on the advice of Wayne Scherz, a private investigator that Petitioner's family had hired. See Court Docket No. 21-1, p. 75. Plea counsel testified that she explained the pros and cons of rejecting the plea offer, but that "[Petitioner] felt that he wanted to proceed to see how the suppression hearing was going to end. And, if he wanted to plead guilty, then, he would consider that at that time." See Court Docket No. 21-1, p. 75. However, once Petitioner's suppression motion was denied and he decided that he wanted to enter a plea, the State refused to re-extend the ten year offer after having to go through the suppression hearing. See Court Docket No. 21-1, pp. 75-76. Plea counsel testified that she explained to Petitioner that there were no offers from the State if he pled guilty, "[a]nd [she] explained to him that, if he pled, that all of his offenses and all the issues that we discussed in the suppression hearing would be gone. However, the investigator, Mr. Scherz, advised him differently. And he went with what the investigator said." See Court Docket No. 21-1, p. 76.

With respect to the separate issue of the timeliness of the indictment, Petitioner testified at the PCR hearing that even though he was arrested on March 17, 2008, the indictment was not issued until April 14, 2009. See Court Docket No. 21-1, p. 56. Petitioner testified that he believed the indictment was untimely because it had not been filed with the court within thirty days or the next General Sessions term from the date of his arrest. See Court Docket No. 21-1, p. 56. Accordingly, he argued that the indictment was "illegal", and asserted that plea counsel was ineffective for not seeking to have the indictment quashed on that basis. See Court Docket No. 21-1,



pp. 56-57. Petitioner further argued that when the grand jury true-billed the indictment in his case, they met outside of a term of the Court of General Sessions, and that plea counsel should have realized the indictment was invalid for that reason and challenged it. See Court Docket No. 21-1, p. 58. However, the PCR court found this issue to be without merit, noting that "[w]hile terms of court are technically prescribed by statute, . . . general sessions matters may be transacted during common pleas terms of court and vice versa." See Court Docket No. 21-1, p. 100. See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) ["We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."].

There is nothing in this record which establishes any entitlement to relief. Petitioner has presented no evidence to show that the PCR Court's finding with respect to his indictment was error or to show that his counsel was ineffective for not challenging the indictment. See, e.g., Almon v. United States, 302 F. Supp.2d 575, 586 (D.S.C. 2004) ["There can be no ineffective assistance of counsel for failing to raise a claim which is not legally viable."]. As for Petitioner's claim relating to the appealability of the suppression hearing ruling, the PCR court found Petitioner's counsel credible on the issue of what Petitioner was told about the ability to appeal after pleading guilty and, further, that Petitioner was not credible, findings that are entitled to substantial deference on habeas corpus review. Marshall v. Lonberger, 459 U.S. 422, 434 (1983)["28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court . . . ."]. While a district court may, in an appropriate case, reject the factual findings and credibility determinations of a state court; Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); the court may not substitute its own credibility determinations for those of the state court simply because it may disagree with the state court's findings (assuming that were to be the case).

18



Further, given the deference due the state court's findings on this credibility issue, Petitioner has not shown that the state court's findings were unreasonable under § 2254(d), nor has Petitioner overcome the presumption accorded to the PCR court's findings. See Pondexter v. Dretke, 346 F.3d 142, 147-149 (5th Cir. 2003)[finding that the district court "failed to afford the state court's factual findings proper deference" by "rejecting the state court's credibility determinations and substituting its own views of the credibility of witnesses."]; Evans, 220 F.3d at 312; see also Seymour v. Walker, 224 F.3d 542, 553 (6th Cir. 2000)["Given the credibility assessment required to make such a determination and the deference due to state-court factual findings under AEDPA, we cannot say that the trial court's finding was unreasonable under § 2254(d)(2)."].

Moreover, in addition to being advised by counsel, it is clear in the record that the plea judge specifically advised Petitioner that he would give up certain constitutional challenges by pleading guilty, following which Petitioner admitted he had committed the crime and entered his plea of guilty. Cf. Pittman v. South Carolina, 524 S.E.2d 623, 625 (S.C. 1999) ["A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea 'may be accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both."] (citing State v. Ray, 427 S.E.2d 171, 174 (S.C. 1993)); see State v. Lambert, 225 S.E.2d 340 (S.C. 1976)); Roddy v. South Carolina, 528 S.E.2d 418, 421 (S.C. 2000); see also Sargent v. Waters, 71 F.3d 158, 160 (4th Cir. 1995)["The [United States] Supreme Court has . . . held that while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute."](quoting Marshall, 459 U.S. at 431-432). Therefore, there is nothing reversible in the state

19



court's findings based on the record of this case, and Petitioner has failed to establish that his counsel was ineffective or that his plea was involuntary.

Criminal defendants often make the decision to plead guilty based on a likelihood of conviction at trial, and although Petitioner now claims that his plea was involuntary based on his belief that he could appeal the suppression hearing after pleading guilty, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings . . . . The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981). Here, Petitioner readily admitted his guilt, and he has failed to show his counsel was ineffective under the standards discussed hereinabove. See Smith, 528 F.2d at 809 [noting a petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]; see also Wade v. State, 419 S.E.2d 781, 782 (S.C. 1992)[acknowledging a "court must uphold the findings of the PCR judge if such findings are supported by any evidence"]; Hill, 474 U.S. 52 [finding that where a guilty plea is involved, in order to show prejudice "the defendant must show that there is a reasonable probability that, but for counsel's errors, he could not have pleaded guilty and would have insisted on going to trial"].

Accordingly, Petitioner has failed to show deficient performance or prejudice on trial counsel's part for either failing to advise Petitioner that he would not be able to appeal the outcome



of the suppression hearing if he pled guilty or failing to challenge the indictment as invalid or make any further arguments to the court on that basis.  Smith, supra.  These issues are therefore without merit and should be dismissed.

## II.

After a careful review of the state court filings and record, the undersigned finds that Petitioner failed to properly raise his Ground Six allegation that plea counsel was ineffective for failing to provide a written explanation of what issues could be reviewed in Petitioner's direct appeal. See Petition, pp. 12, 15.  Because Petitioner did not properly raise and preserve this issue in his PCR proceeding or other state court proceedings, it is barred from further state collateral review; Whitely v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n.3 (1971); Ingram v. South Carolina, No. 97-7557, 1998 WL 726757, at *1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199, at *2 (D.S.C. Mar. 15, 2001); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991) [post-conviction relief]; and as there are no current state remedies for Petitioner to pursue this issue, it is fully exhausted.  Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S. Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state . . . or when a state procedural rule would bar

21



consideration if the claim[s] were later presented to the state court."], <u>cert. denied</u>, 522 U.S. 833

(1997); <u>Ingram</u>, 1998 WL 726757, at *1.

Because this issue was not pursued and properly exhausted by Petitioner in state court,

federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or

actual innocence. <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Waye v. Murray</u>, 884 F.2d 765, 766 (4th

Cir. 1989), <u>cert. denied</u>, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his federal claims in state court
> pursuant to an independent and adequate state procedural rule, federal habeas review
> of the claim is barred unless the prisoner can demonstrate cause for the default and
> actual prejudice as a result of the alleged violation of federal law, or demonstrate that
> failure to consider the claims will result in a fundamental miscarriage of justice.

<u>Coleman</u>, 501 U.S. at 750.

Here, Petitioner does not make an argument addressing his procedural default of this issue. Although

Petitioner does refer to ineffective assistance of PCR counsel in Grounds Three and Four of the

Petition, Petitioner raises those issues as separate grounds for relief, not in the context of procedural

default. In any event, even if Petitioner had attempted to argue that he should be allowed to pursue

his procedurally defaulted claim because any default is due to ineffective assistance of his PCR

counsel, that argument would fail to provide him with any relief.

The United States Supreme Court has held that "if the procedural default is the result

of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the

default be imputed to the State . . . Ineffective assistance of counsel, then is cause for procedural

default." <u>Murray</u>, 477 U.S. at 488; <u>see also</u> <u>Coleman v. Thompson</u>, <u>supra</u>; <u>McCleskey v. Zant</u>, 499

U.S. 467, 494 (1991); <u>Noble v. Barnett</u>, 24 F.3d 582, 586 n.4 (4th Cir. 1994) ["[C]onstitutionally

ineffective assistance of counsel is cause <u>per se</u> in the procedural default context . . . ."]; <u>Smith v.</u>



<u>Dixon</u>, 14 F.3d 956, 973 (4th Cir. 1994) (en banc).  However, while ineffective assistance of counsel can constitute "cause" for a procedural default, it will only constitute "cause" if it amounts to an independent violation; <u>Ortiz v. Stewart</u>, 149 F.3d 923, 932 (9th Cir. 1998); <u>Bonin v. Calderon</u>, 77 F.3d 1155, 1159 (9th Cir. 1996); and ineffective assistance of PCR counsel does not amount to an independent constitutional violation and is not therefore "cause" for procedural default.  <u>Murray v. Giarratano</u>, 492 U.S. 1, 13 (1989) [O'Connor, J., concurring] ["[T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires a State provide counsel in postconviction proceedings.  A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment.   Nothing in the Constitution requires the State to provide such proceedings, . . . nor does . . . the Constitution require[] the States to follow any particular federal model in those proceedings."]; <u>Mackall v. Angelone</u>, 131 F.3d 442, 447-449 (4th Cir. 1997); <u>Ortiz</u>, 149 F.3d at 932; <u>Pollard v. Delo</u>, 28 F.3d 887, 888 (8th Cir. 1994); <u>Lamp v. Iowa</u>, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); <u>Parkhurst v. Shillinger</u>, 128 F.3d 1366, 1371 (10th Cir. 1997); <u>Williams v. Chrans</u>, 945 F.2d 926, 932 (7th Cir. 1992); <u>Gilliam v. Simms</u>, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998).

While the Supreme Court did carve out a narrow exception to this rule in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012), that exception would not apply here, as Petitioner has failed to "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim (relating to the conduct of plea counsel)is a substantial one, which is to say that the prisoner must demonstrate that the [underlying] claim has some merit." <u>Martinez</u>, 132 S.Ct. at 1318; <u>see also</u> <u>Trevino v. Thaler</u>, 133 S.Ct. 1911, 1917-1918 (2013).  Indeed, the record directly contradicts this procedurally defaulted claim, as the record reflects that plea counsel *did* attempt to file an explanation of Petitioner's



appealable claims, but because Petitioner had entered a guilty plea, he had waived the claims that would have otherwise been available to him on direct appeal. <u>See</u> Court Docket No. 21-4. As such, Petitioner failed to demonstrate the merit of the underlying claim. <u>Gray v. Pearson</u>, 526 Fed.Appx. 331, 333 (4th Cir. 2013) [To establish ineffective assistance of PCR counsel under <u>Martinez</u>, Petitioner must "demonstrate that the underlying ineffective assistance - of - trial - counsel claim is a substantial one, which is to say that the [Petitioner] must demonstrate that the claim has some merit"].

Further, to the extent Petitioner is instead attempting to argue that he is actually innocent, cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence not mere legal insufficiency." <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998); <u>see also</u> <u>Doe v. Menefee</u>, 391 F.3d 147 (2d Cir. 2004). Petitioner has failed to present any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence on the criminal charges to which he admitted his guilt in Court and entered a plea of guilty. <u>See</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 324 (1995)[to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial."]; <u>Doe</u>, 391 F.3d at 161 (quoting <u>Schlup</u> for the evidentiary standard required for a court to consider an actual innocence claim). Petitioner has also failed to make any showing that a fundamental miscarriage of justice will occur if this claim is not considered. <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray</u>, 477 U.S. at 478; <u>Rodriguez</u>, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing <u>Murray v. Carrier</u>, 477

24



U.S. at 496); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla. 1995).

Therefore, Petitioner has failed to show cause for his procedural default on this issue, and it must be dismissed.  <u>Rodriguez v. Young</u>, 906 F.2d 1153, 1159 (7th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a default claim into Federal Court."].

### III.

In Grounds Three and Four of his Petition, Petitioner alleges that he received ineffective assistance of counsel during his PCR proceedings because PCR counsel and PCR appellate counsel failed to obtain transcripts from the suppression hearing and failed to address grounds raised "verbally" by Petitioner at the PCR evidentiary hearing.  <u>See</u> <u>Petition</u>, pp. 13-14. However, these allegations do not concern Petitioner's underlying conviction.  Rather, they concern alleged errors in his state collateral proceedings.  Such claims are not a basis for federal habeas relief, as Petitioner (except for the limited <u>Martinez</u> exception, which does not apply here) has no constitutional right to effective assistance of PCR counsel. <u>See</u> <u>Murray</u>, 492 U.S. at 13.

The Respondent is also correct that alleged infirmities in PCR proceedings do not state a basis for federal habeas relief.  <u>See</u> <u>Bryant v. Maryland</u>, 848 F.2d 492, 493 (4th Cir. 1988) [finding claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief]; <u>Nichols v. Scott</u>, 69 F.3d 1255, 1275 (5th Cir. 1995) ["An attack on a state habeas proceeding does not entitle the petitioner to habeas relief . . . ."], <u>cert</u>. <u>denied</u>, 518 U.S. 1022 (1996); <u>Spradley v. Dugger</u>, 825 F.2d 1566, 1568 (11th Cir. 1987) (per curiam) ["Because claim (1) goes to issues unrelated to the cause of [the] petitioner's detention, it does not state a basis for habeas

25



relief."]; Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998) [stating errors in state post-conviction proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief].

Accordingly, Petitioner has not shown a basis for entitlement to federal habeas relief based on these issues. Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998) [alleged defects in state post-conviction procedures are not cognizable in a federal habeas corpus action].

## IV.

In his Ground Five, Petitioner contends that he is entitled to relief because the plea court lacked subject matter jurisdiction over his case because the date on the indictment was not the date that the Grand Jury convened and because the indictment was not clocked and stamped by the Clerk of Court. See Petition, pp. 14-15. However, this claim is not cognizable on federal habeas review, as the ability of a Petitioner to challenge a state court's subject matter jurisdiction "at any time' should "actually be phrased 'at any time he is in state court.'" Thompson v. Perry, No. 06-3429, 2007 WL 2579570, at *4 (D.S.C. Sept. 4, 2007). As such, it is not for this Court to determine this state law issue. Thompson, 2007 WL 2579570, at *4 ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew v. Pancake, No. 07-37, 2007 WL 4302429, at *4 (W.D.Ky. Dec. 7, 2007) ["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts."].

Further, "the 'sufficiency of an indictment or information is [also] primarily a question of state law[,]'" Tapia v. Tansy, 926 F.2d 1554, 1560 (10th Cir. 1991) (quoting Franklin v. White, 803 F.2d 416, 418 (8th Cir. 1986)); and deficiencies in state court indictments "are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to

26



amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985); see also Johnson v. Puckett, 930 F.2d 445, 447 (5th Cir. 1991) ["In a federal court, habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment."], cert. denied, 502 U.S. 890 (1991); Moriett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir. 1988) ["[T]he sufficiency of a state court indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." (quoting Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985) (other citation omitted))], cert. denied, 489 U.S. 1086 (1989).  There is no evidence of any such deficiency in this case.

First, the South Carolina Supreme Court noted in Winns v. State that:

> [O]ur decision in this case is consistent with the recently published opinion of State v. Gentry, [610 S.E.2d 494 (S.C. 2005)], which explains that indictments are notice documents, not documents required to confer subject matter jurisdiction.  See S.C. Const. art. V, Section 11 (providing that circuit courts are "general trial court[s] with original jurisdiction in civil and criminal cases, except those in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law").

611 S.E.2d 901, 904 n.2 (S.C. 2005).  In Gentry, the South Carolina Supreme Court overruled prior cases "to the extent that they combine the concept of the sufficiency of an indictment and the concept of subject matter jurisdiction."  Gentry, 610 S.E.2d at 500-501.  Therefore, under current South Carolina law, Petitioner's allegation with respect to a purported defect in his indictment is not even a subject matter jurisdiction claim.  See Madden v. Warden, No. 07–1109, 2008 WL 351010, *5 (D.S.C. Feb.7, 2008) [discussing retroactivity of Gentry]; State v. Means, 367 S.C. 374, 626 S.E.2d 348, 352 (S.C. 2006) [same]; see also Mazyck v. Knowlin, No. 09–1222, 2009 WL 2447981, at * 1



(D.S.C. Aug.7, 2009) ["[T]he South Carolina Supreme Court has ruled that alleged deficiencies and irregularities in an indictment are not matters of subject matter jurisdiction."]; Evans v. State, 611 S.E.2d 510, 516–520 (S.C. 2005) [explaining subject matter jurisdiction is the power of a court to hear and determine cases whereas the indictment is a notice document and issues relating to the indictment generally are not issues of subject matter jurisdiction].

Secondly, even prior to Gentry, there is no basis on which to find that the indictment here was defective. The indictment clearly named the Petitioner, and there is no question that Petitioner knew the charges being leveled against him. See Court Docket No. 21-1, pp. 105-106; see also Gentry, 610 S.E.2d at 499 n.6 ["[A]n indictment is needed to give notice to the defendant of the charge(s) against him."]. As the PCR court explained, an indictment is merely a notice document, and the indictment in Petitioner's case was "clearly sufficient to put [him] on notice of the charge he was facing." See Court Docket No. 21-1, p. 101 (citing State v. Tumbleston, 654 S.E.2d 849, 852 (S.C. Ct. App. 2007)). Nor is there any evidence to support a finding that the indictment issued in this case was "fatally defective" or made Petitioner's plea "egregiously unfair." Ashford, 780 F.2d at 407; Johnson, 930 F.2d at 447; see State v. Owens, 359 S.E.2d 275, 277 (S.C. 1987) ["An indictment is sufficient if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and if an acquittal or conviction thereon may be pleaded as a bar to any subsequent prosecution."].

Additionally, contrary to Petitioner's assertion that his indictment was deficient because it was obtained at a time when the grand jury was not scheduled to meet, the PCR court noted that in state court in South Carolina "general sessions matters may be transacted during common pleas terms of court and vice versa" despite the terms of court being technically prescribed by statute.

28



See Court Docket No. 21-1, p. 100 (citing S.C. Code Ann. §§ 14-5-410, -420 (Supp. 2003)).  As noted, the South Carolina Supreme Court reviewed the PCR court's decision and also denied the petition in its entirety.  See Order filed Oct. 8, 2014, Court Docket No. 21-14.  The undersigned can find no reversible error in the state courts' findings.  Cf. Bryant v. Cartledge, No. 13–316, 2014 WL 108354, at *13-16 (D.S.C. Jan.9, 2014) [discussing the setting of South Carolina state court terms of court and not granting relief based on a claim of ineffective assistance of counsel for failing to assert that an indictment was invalid for being true billed on a date not listed as being during a term of court].

Since there is no basis in the record before this Court on which to find a due process violation, Petitioner is not entitled to federal habeas relief on this claim.  Estelle v. McGuire, 502 U.S. 62, 67 (1991) ["[I]t is not the province of a federal habeas court to reexamine state-court determinations of state-law questions."]; Thompson, 2007 WL 2579570, at *4 ["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew, 2007 WL 4302429, at *4 ["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts."]; Shepler v. Evans, No. 99–7021, 1999 WL 542885, at *2 (10th Cir. 1999), cert. denied, 528 U.S. 1077 (2000); Johnson, 930 F.2d at 447.

## V.

In his Ground Seven, Petitioner raises a number of different claims under the broad assertion that he was denied due process throughout his judicial proceedings.  Most of these claims have already been addressed in this Report and Recommendation.  For example, the undersigned has already addressed Petitioner's claims that plea counsel was ineffective for failing to advise Petitioner



that he could not appeal the pretrial hearing after pleading guilty and for failing to submit an explanation of appealable grounds along with the notice of appeal in Petitioner's direct appeal. <u>See</u>, <u>supra</u> discussion of Grounds Two & Six. The undersigned has also previously addressed Petitioner's claims relating to PCR counsel's assistance and PCR appellate counsel's assistance. <u>See</u>, <u>supra</u> discussion of Grounds Three & Four. The undersigned has also addressed Petitioner's claims regarding the sufficiency of his indictment, as well as plea counsel's failure to challenge the indictment. <u>See</u>, <u>supra</u> discussion of Grounds One & Five.

Along with the above claims, Petitioner also raises in his Ground Seven the allegation that plea counsel was ineffective for failing to contact (or even attempt to contact) a witness (Candice Grier) prior to the hearing on Petitioner's motion to suppress. The PCR court found that Petitioner failed to meet his burden of proving plea counsel should have contacted Grier before the suppression hearing. <u>See</u> Court Docket No. 21-1, p. 101. In particular, the PCR court noted that Petitioner had argued that Grier's testimony could have been used to attack the officer's credibility, but that plea counsel testified that the information Grier could have provided—that she spoke to the officer that day and verified Petitioner was staying with her in Raleigh that week—was also contained in the officer's report, which was provided at the suppression hearing. <u>See</u> Court Docket No. 21-1, p. 101. The PCR court further noted that Grier was aware of Petitioner's arrest but did not contact plea counsel to relay any pertinent information. <u>See</u> Court Docket No. 21-1, p. 101. The PCR court consequently concluded there was no deficient performance, and that "[r]egardless, . . . [Petitioner] has failed to demonstrate that plea counsel contacting [Grier] prior to the suppression hearing would have affected [Petitioner's] decision to plead guilty." <u>See</u> Court Docket No. 21-1, p. 101 (citing <u>Hill v. Lockhart</u>, 474 U.S. at 58-59).



Again, the PCR court's factual findings are entitled to deference in this action, and Petitioner has failed to show the state court's credibility findings on this issue to be stark and clear error. Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008) ["[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be start and clear . . . . Indeed, 'federal habeas courts [have] no license to redetermine credibility issues of witnesses whose demeanor has been observed by the state trial court, but not by them.'" (quoting Marshall v. Lonberger, 459 U.S. 422, 434 (1983))]. The record supports the PCR court's findings. See Court Docket No. 21-1, p. 77 (plea counsel testifying there was no need to contact Grier because the content of her testimony was in the officer's report, which was a part of the suppression hearing). After reviewing the record in this case, the undersigned concludes that Petitioner has not shown that the state court's determination was unreasonable under § 2254(d), nor has Petitioner overcome the presumption accorded to the PCR court's findings. Evans, 220 F.3d at 312. Accordingly, Petitioner is not entitled to habeas relief on this claim.

Finally, Petitioner complains in his Ground Seven that he was denied due process because he was not provided a copy of the transcript from his suppression hearing. Respondent argues that Petitioner has failed to state a claim upon which relief can be granted since this claim relates solely to his state collateral action. See Court Docket No. 21, p. 42. The undersigned agrees—this claim is not cognizable. In order to be entitled to habeas relief, a petitioner must show "that he is in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). That Petitioner was not provided with a copy of his suppression hearing transcript for his PCR proceedings does not establish a constitutional violation, as even when a guilty plea transcript is unavailable for collateral review (which is not the case here), that alone is insufficient

31



to show a constitutional violation. <u>Cf.</u> <u>Parke v. Raley</u>, 506 U.S. 20, 30 (1992) ["On collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights."]; <u>Finch v. Reed</u>, C.A. No. 9:07-0019-HMH-GCK, 2007 WL 2022184, at *18 (D.S.C. July 11, 2007) [concluding a lack of a trial transcript alone does not entitle a petitioner to habeas relief based on the court's application of <u>Parke</u>].  Petitioner has failed to alleged any constitutional violation with regard to his being unable to obtain his suppression hearing transcript. <u>See also Bryant</u>, 848 F.2d at 493 [finding claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief].  Because this claim is not cognizable, Petitioner is not entitled to habeas relief.

   For all of the above reasons, the undersigned concludes Petitioner is not entitled to habeas relief on any of the claims alleged in Petitioner's Ground Seven.

**VI.**

   In his Response to Respondent's Motion for Summary Judgment, Petitioner alleges a new ground, that the traffic stop that resulted in his arrest violated his rights under the Fourth Amendment.  That claim is not properly before the Court as no motion to amend has been filed, and, therefore, the Respondent did not address this freestanding allegation.[4]

**<u>Conclusion</u>**

   Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

---

  [4] Additionally, a review of the record shows that this claim was not properly exhausted in state court, and Petitioner waived the right to challenge the constitutionality of his arrest by pleading guilty (as previously discussed herein).



The parties are referred to the Notice Page attached hereto.



_____
Bristow Marchant
United States Magistrate Judge

March 11, 2016
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

