IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Shane Lamar Moore, )
#342772, )
 )
    Petitioner, )
 )    Civil Action No. 9:15-3385
v. )
 )    **<u>ORDER</u>**
Warden of Allendale )
Correctional Institution, )
 )
    Respondent. )
_____)

On August 25, 2015, Petitioner Shane Lamar Moore ("Moore" or "Petitioner"), proceeding *pro se*, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 23, 2015, Respondent filed a motion for summary judgment, to which Moore filed a response in opposition on January 11, 2016.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On March 11, 2016, Magistrate Judge Bristow Marchant issued a report and recommendation ("Report") outlining the issues and recommending that the Court grant Respondent's motion for summary judgment. Moore filed written objections to the Report on April 11, 2016, and the matter is ripe for review.

## **BACKGROUND**[1]

Petitioner was indicted in Greenville County in April 2009 for trafficking cocaine base. Petitioner, who was represented by Dorothy Manigault, Esquire, opted to plead guilty

---

[1] This Court incorporates the "Procedural History" section of the Magistrate Judge's Report, which sets forth in greater detail the relevant facts of this case.

as charged on September 15, 2010, and was sentenced to fifteen years' imprisonment and was fined $50,000.00.

On September 23, 2010, plea counsel filed a notice of appeal on Petitioner's behalf. The appellate court dismissed the appeal.

On May 10, 2011, Petitioner filed an application for post-conviction relief ("PCR") raising a number of issues related to his guilty plea. On February 8, 2013, Petitioner, through counsel, filed an amended application raising additional claims of ineffective assistance of counsel. An evidentiary hearing was held on February 15, 2013, and by written order filed April 11, 2013, the PCR court denied relief.

Petitioner appealed the PCR court's denial of relief, but the South Carolina Supreme Court denied Petitioner's petition for a writ of certiorari on October 8, 2014; the remittitur was sent down on October 24, 2014.

Petitioner filed the instant § 2254 petition on August 25, 2015, alleging the following seven grounds, taken verbatim from his petition:

> Ground #1: Was trial/plea counsel ineffective and in violation of Applicant[']s 5th, 6th and 14th Amendments of US Constitution for not challenging the indictment not being filed with the Clerk of Court[']s office prior to trial pursuant to Rule 3C and coercing Petitioner into pleading guilty.
>
> . . .
>
> Ground #2: Did the trial/plea counsel violate petitioner's 6th Amendment right to the US Constitution by failing to inform petitioner that he would not be able to appeal the suppression hearing after entering a guilty plea, therefore making the plea involuntary?
>
> . . .
>
> Ground #3: Did PCR counsel render ineffective assistance of counsel during Petitioner's PCR hearing that violated applicant's 5th, 6th and/or 14th Amendments to the US Constitution?

2

. . .

Ground #4: Was Petitioner's 5th, 6th and 14th Amendment rights to the US Constitution violated by the Petitioner being denied effective assistance of PCR counsel in his appeal of PCR being dismissed in addition to all issues raised in the PCR not being addressed and ruled upon by the PCR court pursuant to 17-27-80.

. . .

Ground #5: Was Petitioner's 5th, 6th and/or 14th Amendments to the US Constitution violated by the trial court lacking subject matter jurisdiction to bring Petitioner to trial, convict, and/or sentence him when the indictment was never filed with the Clerk of Court[']s office prior to trial pursuant to Rule 3C of SCACR.

. . .

Ground #6: Was Petitioner's 5th, 6th and/or 14th Amendment rights to the US Constitution violated by being denied his rights to a direct appeal by ineffective assistance of counsel pursuant to [State v. Wilson, 559 S.E.2d 591].

. . .

Ground #7: Was Petitioner's 5th, 6th and/or 14th Amendment rights to the US Constitution violated by the Petitioner being denied due process throughout his entire judicial proceeding?

(ECF No. 1 at 12-16.)

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part,

the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

## II. <u>Summary Judgment</u>

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## III. <u>Habeas Corpus</u>

Because Moore filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy,* 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court explained that section 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. *Id.* at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. *Id.* at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### IV.     Ineffective Assistance of Counsel

The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense," and that such assistance be effective. U.S. Const. Amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In *Strickland*, the Supreme Court held that a meritorious ineffective assistance claim must demonstrate two things: first, that counsel's performance was deficient, and second, that counsel's deficient performance prejudiced the defense. *Id.* at 687-98. The first part of the test, a court's evaluation of counsel's performance, must be "highly deferential," so as not to "second-guess" the performance. 466 U.S. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial

strategy." *Id.* (internal quotation marks and citation omitted); *see also Fields v. Attorney Gen. of Maryland*, 956 F.2d 1290, 1297-99 (4th Cir. 1992); *Roach v. Martin*, 757 F.2d 1463, 1476 (4th Cir. 1985). To establish prejudice and fulfill the second prong of the ineffective assistance test, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694-95.

## ANALYSIS

### I.     Grounds One and Two

In grounds one and two, Petitioner asserts that plea counsel was ineffective for failing to challenge his indictment and for failing to inform him that he would not be able to appeal the results of the suppression hearing once he pleaded guilty.

In his Report, the Magistrate Judge outlined the PCR court's detailed findings on these claims and ultimately determined that Petitioner failed to show that the state court's findings were unreasonable under § 2254(d). (ECF No. 27 at 7-21.) Specifically, the Magistrate Judge reviewed the evidence of record, including Petitioner's guilty plea colloquy, and agreed with the PCR court's conclusion that Petitioner failed to show that his plea counsel was ineffective or that his guilty plea was not knowingly and voluntarily entered. For example, the Magistrate Judge noted that during the plea colloquy, Petitioner affirmed his guilt to the judge and responded "yes" when asked whether he understood that by pleading guilty he was giving up the right to challenge the constitutionality of the seizure of drugs from him and the voluntariness of his statement. (ECF No. 21-1 at 12.)

At his PCR hearing, Petitioner testified that he nevertheless believed he would be able to appeal the results of the suppression hearing based on what his plea counsel told

him; however, plea counsel testified at the PCR hearing: "I explained to him that, if he pled, that all of his offenses and all the issues that we discussed in the suppression hearing would be gone. However, the investigator, Mr. Scherz, advised him differently. And he went with what the investigator said."[2] (*Id.* at 76.) Ultimately, the PCR court did not find Petitioner's testimony credible but did find plea counsel's testimony credible. Accordingly, the PCR court found that Petitioner failed to show that plea counsel advised the applicant that he could appeal the suppression hearing if he pleaded guilty. (*Id.* at 100-01.)

In his objections, Petitioner reiterates his claim that his guilty plea was not knowing and voluntary because he believed he would be able to appeal the results of the suppression hearing. (ECF No. 30 at 3.) He also spends several pages of his objections simply rehashing the merits of his suppression motion. (*Id.* at 6-12.) After review, the Court finds Petitioner's objections to be without merit.

First, as the PCR court and the Magistrate Judge noted, it is clear from the following portion of Petitioner's plea transcript that the state court explained to Petitioner that he was giving up the right to appeal the suppression hearing if he pleaded guilty:

> The Court: If you enter the plea and you accept it, then you give up your right to challenge the Constitutional propriety of the seizure of the drugs and voluntariness of your statement, do you understand that?
>
> Defendant Moore: Yes.
>
> The Court: You want to go forward with your plea?
>
> Defendant Moore: Yes.

---

[2] Plea counsel also testified that Petitioner turned down a ten-year offer based on the advice of Mr. Scherz, the private investigator hired by Petitioner's family. (ECF No. 21-1 at 75.)

7

(ECF No. 21-1 at 12.) Second, as the Magistrate Judge concluded, the PCR court found plea counsel's testimony regarding the suppression hearing credible and found Petitioner's testimony not credible, and the Court agrees with the Magistrate Judge that those findings are entitled to substantial deference. After review, therefore, the Court finds that Petitioner is not entitled to relief on ground two.

Next, with respect to Petitioner's first ground for relief, wherein he asserts that plea counsel was ineffective for failing to challenge the indictment, which allegedly was true-billed outside the term of the Court of General Sessions, the PCR court found this issue to be without merit, noting that "[w]hile terms of court are technically prescribed by statute, . . . general sessions matters may be transacted during common pleas terms of court and vice versa." (*Id.* at 100 (citing S.C. Code Ann. §§ 14-5-410 and 420).) Likewise, the Magistrate Judge found that Petitioner was not entitled to relief on this ground not only because a state court's interpretation of state law is binding on the federal court, but also because Petitioner failed to show that the PCR court's findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). The Court agrees with the Magistrate Judge and finds that Petitioner is not entitled to relief on ground one.

In summary, the Court agrees with the Magistrate Judge that Petitioner has failed to show deficient performance on plea counsel's part either for failing to challenge the indictment as invalid or for failing to advise Petitioner that he would not be able to challenge the outcome of the suppression hearing if he pleaded guilty. In addition, the Court agrees

with the Magistrate Judge that Petitioner has failed to show that his guilty plea was not knowing and voluntary. Accordingly, the Court denies grounds one and two.

**II.     Grounds Three and Four**

As his third and fourth grounds for relief, Moore asserts that PCR counsel and PCR appellate counsel rendered ineffective assistance by failing to obtain a transcript from the suppression hearing and by failing to address grounds that Petitioner raised verbally at the hearing.

In his Report, the Magistrate Judge outlined Petitioner's claims and determined that to the extent the claims are based on the alleged ineffective assistance of PCR counsel and PCR appellate counsel, the claims are not cognizable on federal habeas corpus review. Likewise, the Magistrate Judge determined that to the extent the claims are based on any alleged impropriety in the PCR process, the claims are not cognizable on federal habeas corpus review.

Petitioner does not specifically object to these findings other than to rehash his arguments related to the suppression hearing and to argue that he was not provided with a copy of the suppression hearing transcript for his PCR proceedings. (ECF No. 30 at 3.) After review, the Court finds these objections to be without merit.

As the Magistrate Judge noted, § 2254(i) specifically provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). In addition, to the extent Petitioner's claims involve an alleged deficiency in the PCR process, the claim is not cognizable on federal habeas review. *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors in

connection with post-conviction proceedings are not cognizable on federal habeas review). Accordingly, Petitioner is not entitled to relief on grounds three and four.

### III.   Ground Five

In ground five, Petitioner contends that the trial court lacked subject matter jurisdiction because the date on the indictment was not the date the grand jury convened and because the indictment was not clocked and stamped by the Clerk of Court in accordance with the applicable state rules.

In his Report, the Magistrate Judge first determined that this claim is not cognizable on federal habeas review, as the issue is one reserved for the state court. *See Thompson v. Perry*, No. 06-3429, 2007 WL 2579570, at *4 (D.S.C. Sept. 4, 2007) (noting that the ability of a petitioner to challenge a state court's subject matter jurisdiction "at any time" should "actually be phrased 'at any time he is in state court'"); *Ashford v. Edwards*, 780 F.2d 405, 407 (4th Cir. 1985) (stating that a deficiency in a state court indictment does not ordinarily provide a basis for habeas corpus relief "unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process").

Next, the Magistrate Judge noted that Petitioner's claim does not actually involve a question of subject matter jurisdiction, as the South Carolina Supreme Court has determined that "indictments are notice documents, not documents required to confer subject matter jurisdiction." *Winns v. State*, 611 S.E.2d 901 n.2 (2005) (recognizing that in *State v. Gentry*, 610 S.E.2d 494, 500-01 (2005), the South Carolina Supreme Court overruled prior South Carolina cases "to the extent that they combine the concept of the sufficiency of an indictment and the concept of subject matter jurisdiction"). In addition, the Magistrate Judge determined that, even prior to *Gentry*, there is no evidence to indicate

that Petitioner's indictment was defective, as it clearly named Petitioner and put Petitioner on notice of the charge he faced. As the PCR court explained, "even if an incorrect date had been listed on the indictment, it is merely a notice document," and it "was clearly sufficient to put the Applicant on notice of the charge he was facing." (ECF No. 21-1 at 101.)

Petitioner does not specifically object to this portion of the Magistrate Judge's Report, and, after review, the Court agrees with the Magistrate Judge's analysis and finds that Petitioner is not entitled to relief on this claim. First, it is not the province of this Court to reexamine a state court's determination of a state-law question. Second, there is no basis in the record to find any due process violation in connection with this ground. Accordingly, the Court denies ground five.

## IV.    Ground Six

As a sixth ground for relief, Petitioner asserts that plea counsel was ineffective for failing to explain in writing which issues could be reviewed on appeal.

In his Report, the Magistrate Judge found that Petitioner failed to properly raise and preserve this issue in state court,[3] and that Petitioner failed to show cause and prejudice,[4]

---

[3] When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

[4] A federal court can review a procedurally defaulted claim if a petitioner can demonstrate sufficient cause for the default and actual prejudice resulting from the failure, or that a "fundamental miscarriage of justice" has occurred. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). "Cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n. 24 (1999) (quoting *Carrier*, 477 U.S. at 488). If a petitioner demonstrates sufficient cause, he must also show actual prejudice to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, a petitioner must demonstrate more than plain error. *Id.* at 494. A petitioner must show an actual and substantive disadvantage as a result of the error, not merely the possibility of harm. *Id.*

or actual innocence, to excuse the procedural default of this issue. As the Magistrate Judge noted, nowhere does Petitioner address his procedural default of this issue; in fact, he also does not address the issue in his objections. In any event, as the Magistrate Judge concluded, to the extent Petitioner would argue that his procedural default of the issue is due to ineffective assistance of PCR counsel, such argument would fail, as Petitioner cannot demonstrate that the underlying ineffective assistance of counsel claim is "substantial."[5] Moreover, as the Magistrate Judge also concluded, to the extent Petitioner instead would argue that he is actually innocent, Petitioner has failed to present any new, reliable evidence that would support his factual innocence on charges to which he admitted his guilt in open court during his guilty plea. Because Petitioner has failed to show cause for his procedural default of this issue, the Court agrees with the Magistrate Judge that Petitioner is not entitled to relief on ground six.

## V.     Ground Seven

In ground seven, Petitioner raises a number of claims under the broad theory that he was denied due process throughout his judicial proceedings, but most of these claims relate to issues already addressed in connection with grounds one through six of the petition. As the Magistrate Judge noted, however, Petitioner does raise the additional allegation that plea counsel was ineffective for failing to contact a witness, Candice Grier,

---

[5] Pursuant to *Martinez v. Ryan*, an error by a prisoner's PCR counsel during an initial state collateral review proceeding can qualify as "cause" to excuse the procedural default of a claim of trial counsel ineffectiveness if: (1) state law required the prisoner to wait until PCR to raise the *Strickland* claim; (2) the prisoner's underlying *Strickland* claim is "substantial"; and (3) the prisoner can establish that PCR counsel was ineffective under *Strickland*. *Martinez*, 132 S. Ct. at 1318-19. To the extent Petitioner would invoke *Martinez* to allege that his PCR counsel was ineffective, Petitioner must "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit." *Id.*

prior to the suppression hearing. The PCR court specifically considered this claim and determined that Petitioner failed to meet his burden of showing that counsel should have contacted Grier prior to the suppression hearing, or that if plea counsel had done so, Petitioner would not have pleaded guilty. Ultimately, the Magistrate Judge determined that the PCR court's findings on this issue were entitled to deference and that they were not unreasonable under § 2254(d). Petitioner does not specifically object to this determination in his written objections, and, after a thorough review of the record, the Court agrees with the Magistrate Judge that this claim is without merit.

Petitioner also complains in ground seven that he was denied due process because he was not provided with a copy of the transcript from his suppression hearing during his PCR proceedings. The Magistrate Judge found this claim to be without merit, finding no constitutional violation in connection with the unavailability of the transcript during state collateral review.

In his objections, Petitioner reiterates his claim that he was denied due process when he was not provided with a copy of the suppression hearing transcript during state collateral review proceedings. As previously noted herein, however, claims of error occurring in a state PCR hearing cannot serve as a basis for federal habeas corpus relief. 28 U.S.C. § 2254(i); *Bryant v. Maryland*, 848 F.2d at 493. Moreover, the Court agrees with the Magistrate Judge that the fact that Petitioner was not provided with a copy of his suppression hearing transcript for his PCR proceedings does not establish a constitutional violation. *See Parke v. Raley*, 506 U.S. 20, 31 (1992) ("On collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to some government misconduct) that the defendant was not

advised of his rights."); *Finch v. Reed*, No. 9:07-19, 2007 WL 2022184, *18 (D.S.C. July 11, 2007) (finding that a petitioner failed to meet his burden of proof to show a constitutional violation based on the unavailability of trial and plea transcripts). As such, Petitioner is not entitled to relief on this claim.[6]

## CONCLUSION

After review, the Court finds that the Magistrate Judge's Report fairly and accurately summarizes the case and the applicable law. Accordingly, the Court hereby adopts the Magistrate Judge's Report (ECF No. 27) and incorporates it herein; overrules Petitioner's objections (ECF No. 30); and grants Respondent's motion for summary judgment (ECF No. 22).

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
Bruce Howe Hendricks
United States District Judge

September 21, 2016
Charleston, South Carolina

## Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

---

[6] To the extent Petitioner attempted to raise a new ground in his response to Respondent's motion for summary judgment and in his objections–namely, that the traffic stop resulting in his arrest violated his Fourth Amendment rights–the undersigned agrees with the Magistrate Judge that the claim is not properly before the Court as no motion to amend has been filed. Moreover, Petitioner procedurally defaulted this claim, and Petitioner waived the claim by pleading guilty. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is, in fact, guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

14

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that this Court's assessment of the constitutional claims is debatable or wrong or that the issues presented were adequate to deserve further attention. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that Petitioner has not met the legal standard for the issuance of a certificate of appealability. Therefore, the Court denies a certificate of appealability.